# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 24, 2021

**BY ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Joseph Bagaglia,
19 Cr. 342 (LGS)**

Dear Judge Schofield:

Application Granted in part. Defendant shall file a letter brief, not to exceed five pages, by **March 5, 2021**. The Government shall file a response, not to exceed five pages, by **March 12, 2021**. No reply shall be filed. The sentencing hearing is adjourned to **May 6, 2021, at 11:00 a.m**. Defendant's submission shall be filed by April 12, 2021. The Government's submission shall be filed by April 15, 2021. No further extensions will be granted absent extraordinary circumstances. The Clerk of the Court is directed to terminate the letter motion at docket number 54.

Dated: February 25, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

I write with the consent of the government to request that the Court (1) adjourn Mr. Bagaglia's sentencing hearing, now scheduled for March 25, 2021, and related submission deadlines, and (2) set a briefing schedule on a legal issue that has arisen concerning voluntary surrender in this matter.

On September 23, 2020, following Mr. Bagaglia's guilty plea, this Court ruled that "'it is clearly shown that there are exceptional reasons why [Defendant's] detention would not be appropriate,' and Defendant meets the conditions of release set forth in § 3143(a)(1)." Docket Entry No. 47 at 2 (endorsement) (quoting 18 U.S.C. § 3145(c)). These reasons were the COVID-19 pandemic and Mr. Bagaglia's many health problems, including severe obesity, that render him especially vulnerable to COVID-19.

The pandemic remains in an especially serious stage, with case counts significantly higher than that the time of the Court's ruling in September. Both MCC and MDC have active cases, as do many other BOP facilities. To mitigate the risks to Mr. Bagaglia, he should not be made to enter custody during this phase of the pandemic and without having been vaccinated, and he should be permitted to surrender directly to his designated facility after sentencing rather than undergoing pre-sentence detention in a crowded local jail and then rounds of custodial transportation.

The most straightforward way to safeguard Mr. Bagaglia's health is to give him a voluntary surrender date after sentencing. That will allow him to be designated appropriately and to avoid local jails and transportation. As

Honorable Lorna G. Schofield  February 24, 2021
United States District Judge  Page 2 of 2

the PSR recommends, "[t]he defendant is viewed as a good candidate for voluntary surrender. He has kept all court appearances and has been in compliance with all terms and conditions of his pretrial release. He is not viewed as a flight risk or a danger to the community." PSR at 31. Indeed, Mr. Bagaglia has flawlessly complied with Pretrial supervision for over two years.

But a question has arisen concerning the legal basis for the Court to grant voluntary surrender in this case. I submit that the Court has the power to give Mr. Bagaglia a surrender date after sentencing pursuant to 18 U.S.C. §§ 3143(a) and 3145(c), which govern not only bail pending the imposition of sentence but also pending the execution of sentence. The government has indicated that it will seek Mr. Bagaglia's remand at sentencing and will oppose a surrender date. In connection with its position, the government has so far refused to agree that this situation falls under § 3143(a), which gives the Court discretion to set a surrender date, rather than § 3143(b), which seemingly does not.[1] This issue is of the utmost importance to Mr. Bagaglia, and he requests that the Court resolve it before sentencing, as it may inform scheduling of the sentencing hearing.

Therefore, I respectfully request that the Court adjourn sentencing by approximately 30 days, adjourn sentencing submission deadlines, and accept submissions on the following proposed schedule so that it may make a presentence ruling on the availability of voluntary surrender in this case:

- Defense letter brief to be filed by March 5;

- Government response by March 19;

- Defense reply, if any, by March 26.

The government consents to these requests.

Respectfully submitted,
/s/
Clay H. Kaminsky
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8749 / (646) 842-2622

cc:   AUSAs Ni Qian and Sarah Kushner

---

[1] The government states that it not yet taken a definite position on this issue. Recognizing the importance of this issue to Mr. Bagaglia and its relationship to the timing of sentencing, it consents to the application for adjournment and briefing.